U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN - 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PETER ROY ALFRED, JR.<br>LA. DOC. # 315023 | CIVIL ACTION NO. 08-0554 |
| VS. | SECTION P<br>JUDGE DRELL |
| WARDEN PETER LOFTON, III, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se plaintiff, Peter Roy Alfred, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 17, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), who is confined at the Winn Corrections Center, Winnfield, Louisiana. In this action, however, he complains that he was exposed to toxic black mold and second-hand tobacco smoke while he was confined in the Avoyelles Parish Jail (APJ) from February 27, 2006 to June 5, 2007. He prays for $50 million in compensatory damages, an unspecified amount of punitive damages, and an injunction directing the defendants to remove all inmates from the APJ. He sued APJ Warden Peter Lofton, III, Warden Keith Smith, APJ Medical Director, Steve Dauzat, Col. Dale Mayeux, Avoyelles Parish Sheriff William "Bill" Belt, and Jerry Smith, Public Health Inspector. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following

reasons, it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as duplicative and malicious.

### *Statement of the Case*

Plaintiff complains that he was exposed to toxic mold and second-hand tobacco smoke during his confinement at the Avoyelles Parish Jail from February 2006 - June 2007. Plaintiff has raised identical claims in a civil action filed in this court on June 6, 2007. See Peter Roy Alfred, Jr. v. Louisiana Department of Public Safety and Corrections, No. 1:07-cv-00986 [see rec. doc. 1[1] and rec. doc. 33[2]] That complaint has been served on the following defendants, Steve Dauzat, Sheriff Belt, Warden Lofton, Keith Smith and Dale Mayeaux and those defendants have answered plaintiff's complaint by generally denying all of the plaintiff's allegations. [See Peter Roy Alfred, Jr. v. Louisiana Department

---

[1] In the original complaint filed in Civil Action No. 1:07-cv-0986, plaintiff alleged, among other things, "4-14-07 put me back into a smoky unclean environment with 2nd hand smoke, no breathing machine, exposure to black mold toxins in air vent, no outside fresh air." [rec. doc. 1, p. 6 ¶1]Elsewhere he alleged, "We continue to be trapped going outside to fresh air once or twice a month. Keeping me inhaling Black Mold Toxins and other hazzard [sic] material more problems on top of no breathing machine and 2nd hand smoke." [Id., at p. 7, ¶4]

[2] In the amended complaint filed in Civil Action No. 1:07-cv-0986, plaintiff alleged, among other things, "Defendant Keith Smith of Avoyelles Parish Jail in Marksville was controlling head of that jail 2-001 to 2007 denieing [sic] adequate medical treatment and care. He failed to screen and train his employees. While incarcerated between 2001 to 2007 he didn't protect plaintiff from harm and mistreatment lie he was hired to do. Keeping confined in a 100 inmate small dorm breathing 2nd hand tobacco smoke, with once a wee out doors. At least 85 inmates smokers." [rec. doc. 33, p. 1, ¶3] He also alleged fault on the part of Sheriff Belt "For not making a non-smoking dorm, for nons-smokers." [Id. at p. 2, ¶4] He faulted Warden Lofton for "Keeping plaintiff confined in a 100 inmate small dorm, breathing 2nd hand tobacco smoke, with once a week fresh air out doors. At least 85 inmates smokers." [Id., ¶6]

of Public Safety and Corrections, No. 1:07-cv-00986 rec. docs. 35 and 64] This civil action remains pending before the court.

### *Law and Analysis*

Title 28 U.S.C. §1915(a) enables an indigent person to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. § 1915; see also Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. See Green, 788 F.2d at 1119. If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See Robinson v. Woodfork, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing McCullough v. Morgan, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and Hill v. Estelle, 423 F.Supp. 690 (S.D.Tex.1976)).

3

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d). Pittman v. K. Moore, 980 F.2d 994, 995 (5th Cir.1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Or, put another way, "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir.1993).

The instant complaint is duplicative of a matter presently pending before the court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as duplicative and therefore malicious in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual**

4

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana _____, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE